UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ORTIZ, ET AL.                 :

v.                                 :     No. 3:07-cv-1144(AHN)

TOWN OF STRATFORD, ET AL.          :

<u>RULING ON MOTION FOR PERMISSION TO SUPPLEMENT THE RECORD ON
SUMMARY JUDGMENT</u>

This case originates from the events surrounding an auto accident on September 20, 2006. At the scene of the accident, John Ortiz ("Ortiz") and Stratford police officer David Gugliotti ("Gugliotti") engaged in a heated conversation regarding where to tow the disable vehicles involved in the accident. Ortiz filed a civilian complaint against Gugliotti based on this conversation. The defendants allege that Ortiz made false statements in his civilian complaint, which subsequently led to Ortiz's arrest and removal from Stratford's approved tow operators' list. As a result, Ortiz and his towing companies, City Line Auto Collision, LLC and City Line Auto Body, LLC (collectively, "plaintiffs") filed a lawsuit against the town of Stratford and various Stratford town officials and police officers pursuant to 42 U.S.C. § 1983, alleging false arrest, malicious prosecution, retaliation, and violation of procedural due process. The defendants have filed a motion for summary judgment. In their motion, they refer to a recording that Officer Gugliotti made of the conversation he had with Ortiz at the scene of the accident.

Presently before the court is the defendants' motion for permission to supplement the record on summary judgment [doc. # 58]. For the reasons that follow, the court grants the motion.

The defendants rely on Gugliotti's recording of the conversation in their motion for summary judgment to demonstrate that Ortiz's statements were false, but they did not attach a copy of the recording. The plaintiffs oppose the defendants' motion to supplement the record with the recording and argue that because the defendants failed to produce the recording when they filed their motion for summary judgment, the court should draw an adverse inference against the defendants.[1] They also argue that the defendants have not stated how they will be able to produce an authenticated version of the recording.

The court sees no reason why the defendants' motion should not be granted. The substance of the conversation between Gugliotti and Ortiz is relevant to the material facts of this case and therefore the recording is relevant as well. See Tackman v. Goord, No. 99-CV-0438A(F), 2005 WL 2347111, *12 (W.D.N.Y. Sept. 26, 2005)(granting the motion to supplement the record because the supplemental evidence was probative of a

---

[1] The plaintiffs cite Byrnie v. Cromwell Bd. of Educ., 243 F.3d 93, 108-09 (2d Cir. 2001), in support of this argument. Byrnie, however, is inapposite because it dealt with drawing an adverse inference for the destruction of evidence. Id. Here, the defendants state that they possess the recording and wish to submit it to the court.

2

material fact in the case).  In addition, at the deposition of Ortiz's accountant, the defendants played the recording for one of the plaintiffs' attorneys and gave him a copy of it.  The plaintiffs therefore cannot claim surprise at the recording's existence or that the defendants would seek to submit it in support of their motion for summary judgment.  Though the plaintiffs do not argue that they would suffer any prejudice if the court granted the defendants' motion, to the extent that any prejudice may exist, the court permits the plaintiffs to file a sur-reply.  See F.T.C. v. Medical Billers Network, Inc., 543 F. Supp. 2d 283, 308 n.26 (S.D.N.Y. 2008) (granting the plaintiff's motion to supplement the summary judgment record and finding no prejudice to the defendants because they responded to the supplemental evidence).

## CONCLUSION

For the foregoing reasons, the defendants' motion to supplement the record [doc. # 58] is GRANTED.  The plaintiffs shall have leave to file a sur-reply within five days of the defendants' filing of the recording.

SO ORDERED this 19th day of August 2008, at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge